

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EDDIE CUNNINGHAM, an individual § § Plaintiff, § § v. § § NO. 2:06-CV-289-J § DAYBREAK THERAPY, L.P. and § DELEON NURSING & § REHABILITATION, L.P., both limited § partnerships § § Defendants. | |

### MEMORANDUM OPINION

Eddie Cunningham, a *pro se* plaintiff, has filed a claim under Title VII of the Civil Rights Act of 1964, as amended. *42 U.S.C. §2000e*. Plaintiff claims, inter alia, that Daybreak Therapy, L.P. and DeLeon Nursing & Rehabilitation, L.P. discriminated against and harassed him based on his age and sex. On July 16, 2007, Defendants filed a Motion for Summary Judgment. Plaintiff failed to file a response. The Court grants Defendants' Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff Eddie Cunningham is a certified occupational therapy assistant ("COTA"). In September of 2005, Mr. Cunningham entered into an agreement to work for Daybreak Therapy, L.P. ("Daybreak") as a traveling COTA for a minimum of 30 days. Mr. Cunningham was aware that Daybreak was looking for a permanent COTA when he was hired. Mr. Cunningham preferred to work as a traveling COTA, and his position paid more than a permanent employee would receive. He was subsequently

assigned to the DeLeon Nursing & Rehabilitation facility ("DeLeon"), with whom Daybreak had a contract to provide rehabilitation and therapy service. Mr. Cunningham began his work at the DeLeon facility on September 12, 2005, and his last day of work was October 12, 2005.

On September 29, 2005, Mr. Cunningham reported to Royce Moore, the Daybreak Regional Manager for West Texas at the time, that he had been sexually harassed on September 28, 2005. Mr. Cunningham said that Mary Swindle, a physical therapy assistant for Daybreak working at the DeLeon facility, had rubbed his leg and made inappropriate comments about a "gun in his pocket." Royce Moore says he spoke to Ms. Swindle about the incident. Mr. Cunningham did not report any other incidents of harassment or discrimination until his last day of work on October 12, 2005. At that time, he told Royce Moore that Ms. Swindle had continued to harass him during his time at the DeLeon facility.

On December 27, 2005, Mr. Cunningham filed charges of discrimination against DeLeon Nursing & Rehabilitation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right-to-Sue Notice on September 27, 2006. Mr. Cunningham filed this claim against Daybreak and DeLeon in October 2006. Plaintiff Cunningham now advances five claims against Defendants Daybreak and DeLeon. Plaintiff claims: (1) that he suffered harassment and discrimination based on his age and sex; (2) that Defendants breached their contract with Plaintiff; (3) that Defendants intentionally inflicted emotional distress on Plaintiff; (4) that Daybreak and DeLeon were negligent in the supervision of their employees; and (5) that he was retaliated against by being discharged.

II.  DISCUSSION

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*.  A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment.  *Id.* at 324-25.  The nonmovant must set forth specific facts that show a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation.  *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).  The Court must review the facts and draw all inferences most favorable to the nonmovant.  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### A.  CLAIMS AGAINST DEFENDANT DELEON

Plaintiff's claims of age discrimination against Defendant DeLeon fail as a matter of law.  The Age Discrimination in Employment Act (ADEA) and Title VII prohibit an employer from refusing to hire or discharging an individual based on the person's age or sex.  *29 U.S.C. §623(a)(1, 42 U.S.C. §2000(e)*.  ADEA claims and Title VII claims proceed according to the same evidentiary procedure.  *Bauer v. Albmarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).  The Plaintiff has the burden of making out a *prima facie* case of discrimination against his employer.  *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 802 (1973). Here, Plaintiff has failed to provide any evidence that DeLeon Nursing & Rehabilitation was his employer.

All evidence in the record establishes that Plaintiff worked at the DeLeon facility as an employee of Daybreak Therapy. Plaintiff's "unsubstantiated assertion[]" that he is a DeLeon employee is insufficient to meet his burden. *Freeman v. Tex. Dep't. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Plaintiff entered a contract to serve as a traveling COTA for Daybreak, and was only sent to DeLeon pursuant to Daybreak's contract with the facility. Royce Moore, Daybreak's Regional Manager for Daybreak Therapy, acted as supervisor to both Plaintiff and Ms. Swindle. Moore's affidavit states that Plaintiff was not an employee of DeLeon, and was not directly supervised by any DeLeon employees. Plaintiff has offered no evidence to rebut these claims. In fact, Plaintiff agreed in his deposition that going to whatever facility Daybreak sent him to was part of his job. Plaintiff also testified in his deposition concerning his salary as a traveling COTA for Daybreak, not DeLeon. DeLeon's motion for summary judgment on Plaintiff's claims is therefore granted.

### B. SEX AND AGE DISCRIMINATION

Plaintiff claims that he was discriminated against because of his sex in violation of Title VII, which prohibits an employer from terminating an individual's employment because of his sex. *42 U.S.C. §2000e-2(a)(1)*. Plaintiff also claims he was discriminated against because of his age in violation of the ADEA. *29 U.S.C. §623(a)(1)*. To establish a *prima facie* case of discrimination, a plaintiff must show that he (1) is a member of a protected class, (2) was qualified for the job he held, (3) was discharged, and (4) was then

replaced with a person who is not a member of that protected class. *Meinecke v. H&R Block Income Tax Sch.*, 66 F.3d 77, 83 (5th Cir. 1995). If the Plaintiff makes a *prima facie* case, the burden shifts to the Defendant to produce evidence of a nondiscriminatory reason for the adverse employment action. *Bauer*, 169 F.3d at 966. The presumption of discrimination is eliminated in cases where that evidence, if believed by the trier of fact, would support a finding that unlawful discrimination did not exist. *Id.*

There is no summary judgment evidence that the Plaintiff was discharged due to his sex or his age. Rather, all evidence in the record establishes that Plaintiff carried out his 30-day employment as contemplated by the parties at the time his job began. Royce Moore described Plaintiff's position as a "temporary" contract with Daybreak. Plaintiff's employment period at the DeLeon facility was to last until a permanent COTA could be found. Plaintiff's concern was making sure that Daybreak was at least required to employ him for 30 days. Plaintiff did in fact work for that period of time. His employment ended on October 12, 2005 because the temporary assignment at the DeLeon facility had been completed.

The expiration of Plaintiff's temporary assignment is a non-discriminatory reason for Plaintiff's discharge. There is no evidence in the record of any other motivation for the termination of Plaintiff's employment with Daybreak, including any motivation based on Plaintiff's sex or age. Accordingly, the Court finds that there is no genuine issue of material fact as to the reason for Plaintiff's discharge and grants Defendants' motion for summary judgment on claims of sex and age discrimination based on Plaintiff's termination.

Summary judgment evidence establishes that Plaintiff was not retaliated against by being terminated. The uncontroverted evidence is that Plaintiff left his job at Daybreak because his temporary period of employment ended. Summary judgment is therefore granted to Defendants on Plaintiff's retaliation claims.

## C. HOSTILE WORK ENVIRONMENT

In order to establish a hostile work environment violation of Title VII, a plaintiff must "prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a 'term, condition, or privilege' of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Woods v. Delta Bev. Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001).

However, the Fifth Circuit has distinguished between "cases in which an employer asserts a Title VII sexual harassment claim alleging that a supervisor with immediate (or successively higher) authority harassed [him] and cases in which the harasser is a co-worker." *Id.* at 299. If an employee brings a case alleging that he was harassed by a supervisor who had "immediate (or successively higher) authority" over him, then only the first four elements of the test are applicable. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

Moore's affidavit states that "Mrs. Swindle did not have any direct supervisory authority over Mr. Cunningham." Plaintiff's sworn EEOC Charge of Discrimination, attached to his complaint, alleges that his "female supervisor" subjected him to sexual harassment. Plaintiff signed this Charge under penalty of perjury.

Assuming there is a genuine issue of material fact as to whether or not Ms. Swindle was Plaintiff's supervisor, he need only satisfy the first four elements of the Title VII test. Defendants allege that there is insufficient evidence that the alleged harassment affected a term, condition, or privilege of employment. Nevertheless, even assuming that Ms. Swindle's behavior was serious enough to have affected a term, condition, or privilege of employment; Defendants have pled an affirmative defense to Plaintiff's claim. In Title VII cases where the alleged harasser is a supervisor, it is an affirmative defense that: "(1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Woods*, 274 F.3d at 300, fn. 3, *citing Burlington Ind. v. Ellerth*, 524 U.S. 742, 765 (1998).

Defendants have established by uncontroverted summary judgment evidence the elements of this affirmative defense. Plaintiff reported being sexually harassed by Ms. Swindle to Royce Moore on September 29, 2005, the morning after the incident occurred. Moore's affidavit states that after speaking to Plaintiff, he spoke with Ms. Swindle. Moore stated that Ms. Swindle denied sexually harassing Plaintiff but agreed she could and would perform her work in a room separate from where the Plaintiff worked. She also agreed to maintain appropriate space between herself and Plaintiff. Plaintiff has stated that thereafter he could and did perform his work in a different location from where Ms. Swindle worked.[1] After September 29, Plaintiff did not report any harassment or otherwise object until after the conclusion of his employment. There is no genuine issue of material fact as to whether Defendants exercised reasonable care in responding to

---
[1] Plaintiff denies, however, having been told by Royce Moore to work separately from Ms. Swindle.

any sexually harassing behavior or whether Plaintiff failed to take advantage of the preventative or corrective opportunities provided by Defendants. The summary judgment evidence shows that Defendants responded to the allegations of harassment promptly and reasonably. After his initial complaint, Plaintiff never discussed any harassment with his employers until after his employment had ended. Defendant's motion for summary judgment on the sexual harassment hostile environment claims is therefore granted insofar as it relates to the claim of harassment by a supervisor.

If Ms. Swindle was simply Plaintiff's co-worker, and not his supervisor, he must prove all five elements of a Title VII discrimination claim. Plaintiff must show that Daybreak "knew or should have known of the harassment and failed to take prompt remedial action" in order to establish a claim for a hostile work environment. *Woods*, 274 F.3d at 298. As discussed above, after September 29, Moore heard no further complaints until Plaintiff's temporary assignment with Daybreak had concluded. There is no evidence that Defendants knew or should have known of any continued harassment or that they failed to take remedial actions. Royce Moore reacted immediately to the initial complaint and was never informed that the problem was ongoing. The Defendants are therefore granted summary judgment on Plaintiff's hostile work environment sexual harassment claim.

### D. BREACH OF CONTRACT

Texas courts have been reluctant to impose implied contractual duties on employers. *See, e.g., City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000) (declining to impose duties of good faith and fair dealing on employers because statutory protections regulating employment regulations already existed in the Texas Labor Code).

Creating common law causes of action in cases where statutory remedies already exist subverts "statutory schemes by allowing employees to make an end-run around the procedural requirements and specific remedies the existing statutes establish." *Id.*

Here, Plaintiff claims breach of contract because Daybreak and DeLeon allowed the sexual harassment to continue. However, Plaintiff's claims of discrimination and retaliation are addressed by Title VII, and there is no evidence that any part of Plaintiff's contract imposes a duty on Defendants to stop or prevent discrimination. Such claims are addressed by the statutory scheme, and Plaintiff is simply asking this Court to "create a common-law cause of action for the same actions…on which [he] based [his] suit" under the statutory provisions of Title VII. *Midland*, 18 S.W. 3d at 216. There is no genuine issue of material fact as to Plaintiff's breach of contract claims, and Defendants' motion for summary judgment on those claims is granted.

### E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Texas Supreme Court has stated that the tort of intentional infliction of emotional distress is a "gap-filler" tort, designed for the "limited purpose of allowing recovery in those rare instances" where emotional distress has been intentionally inflicted and the "victim has no other recognized theory of redress." *Hoffmann-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (2004). There is no gap to fill where allegations supporting intentional infliction of emotional distress "stem from the same conduct that supports [Plaintiff's] sexual harassment and retaliation claims." *Howard v. People's Choice Home Loan, Inc.*, 2006 U.S. Dist. LEXIS 9340, 15 (N.D. Tex.). In such situations, the Defendant is entitled to summary judgment on the intentional infliction of emotional distress claim. *Id.* at 15-16. Specifically, if the facts forming the basis for the

intentional infliction of emotional distress claim also form the basis for a Title VII claim, there is no cause of action. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 632-633 (W.D. Tex. 2005).

Plaintiff's claim for intentional infliction of emotional distress is based on the alleged failure of Defendants to protect him from harassment by Ms. Swindle. Plaintiff's Title VII discrimination claim stems from the same facts: that Defendants allowed disparate treatment and sexual remarks to go on while Plaintiff worked at the DeLeon facility. The factual basis for both claims is identical, so the intentional infliction of emotional distress claim is not acting as a gap-filler and Defendants are entitled to summary judgment.

### F. NEGLIGENT SUPERVISION

The relationship between an employer and employee generally creates a duty in the employer to control the employee. *Mackey v. U.P. Enterprises*, 935 S.W. 2d 446, 459 (Tex. App. 1996). This includes the duty to "adequately hire, train, and supervise employees." *Id.* However, negligence in performing these duties will only result in liability for the employer if "the complainant's injuries result from the employer's failure to take reasonable precautions to protect the complainant from the misconduct of its employees." *Castillo v. Gared. Inc.,* 1 S.W. 3d 781, 786 (Tex. App. 1999).

There is no evidence that Daybreak failed to take reasonable precautions to protect the Plaintiff.

Additionally, a claim for negligent supervision requires that an employee have committed an actionable tort against the Plaintiff. *Gonzales v. Willis*, 995 S.W.2d 729, 739 (4th Dist. Ct. App. Texas, 1999). Sexual harassment cannot be the basis of a

negligent supervision claim because it is not a common law tort. *Id.*, *citing Hays v. Patton-Tully Transp. Co.*, 844 F. Supp. 1221, 1223 (W.D. Tenn. 1993). Since Plaintiff's claim for negligent supervision is based on being sexually harassed by Ms. Swindle, there is no underlying tort action that would render Defendants liable.

### III. CONCLUSION

Accordingly, this Court grants summary judgment to Defendants on Plaintiff's claims of (1) age discrimination and harassment, (2) sex discrimination and harassment based on termination, (3) hostile work environment sexual harassment, (4) breach of contract, (5) intentional infliction of emotional distress, (6) negligent supervision, and (7) retaliation.

IT IS SO ORDERED.

Signed this 13th day of September 2007.


/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**